UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PRICE SIMMS HOLDINGS LLC, dba Price Simms Auto Group, a California Limited Liability Company; and PRICE SIMMS, INC. dba Toyota of Sunnyvale, a California corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>CANDLE3, LLC, a Colorado Limited Liability Company,<br><br>    Defendant. | No. 18-cv-1851 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiffs Price Simms Holding LLC, doing business as Price Simms Auto Group ("Price Simms"), and Price Simms, Inc., doing business as Toyota of Sunnyvale ("Toyota of Sunnyvale") (collectively "plaintiffs") filed this action against defendant Candle3, LLC ("Candle3") arising from electrical consulting work and electrical fixtures sold by defendant. Presently before the court is defendant's Motion to Dismiss pursuant to Federal Rules

1

of Civil Procedure 12(b)(6). (Docket No. 4.)

Plaintiff Price Simms is a California limited liability company with its principal place of business in the City of Fairfield, County of Solano, California. (Compl. ¶ 1 (Docket No 1-1).) Price Simms owns several automobile dealerships and service center locations including Toyota of Sunnyvale. (Id. ¶ 5; Ex. 1; Pls.' Opp'n at 4 (Docket No. 6).) Plaintiff Toyota of Sunnyvale is a California corporation with its principal place of business in the City of Sunnyvale, County of Santa Clara, California. (Compl. ¶ 5.) Defendant is a clean energy company. (Id.; Ex. 1.) On March 25, 2016, plaintiffs and defendant entered into a written contract (the "Agreement") by which defendant was to perform "clean energy" construction work. (Id. ¶ 5; Ex. 1.)

Plaintiffs allege that they entered into the Agreement based on explicit representations by defendant that (1) the work would result in specified energy savings; (2) defendant would perform the work in a good, workmanlike manner consistent with specifications; and (3) prior to completion, defendant would use funds paid by plaintiffs to defendant only to purchase material and perform work for plaintiffs' projects. (Id.)

On January 29, 2018, the parties entered into a written amendment to the agreement which contained a general release stating: "[i]t is further agreed as of the date of this agreement both parties mutually release the other from any and all claims. The parties enter into this agreement, in part, to compromise and settle all existing business issues." (Compl.; Ex. 2.) At some point after signing the amendment, plaintiffs terminated the

2

agreement based on alleged material nonperformance by defendant. (Id. ¶ 7.)

Plaintiffs filed a complaint in the state court alleging the following causes of action against defendant: (1) breach of contract; (2) intentional misrepresentation; (3) negligent misrepresentation; and (4) false promise. Defendant removed the action to this court under 28 U.S.C. § 1441(b) based on diversity jurisdiction under 28 U.S.C. § 1332. (Def's Notice of Removal (Docket No. 1).)

Defendant first argues that this action is barred by the general release contained in the January 29, 2018 agreement. California Civil Code § 1541 states, "[a]n obligation is extinguished by a release therefrom given to the debtor or the released party by the creditor or releasing party, upon a new consideration, or in writing, with or without new consideration." Cal. Civ. Code § 1541. "A written release generally extinguishes any obligation covered by its terms, provided it has not been obtained by fraud, deception, misrepresentation, duress or undue influence." Tarpy v. Cty. of San Diego, 110 Cal. App. 4th 267, 276 (4th Dist. 2003). However, a general release does not extend to claims "that the releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the [] released party." Cal. Civ. Code § 1542.

The threshold question thus becomes whether the facts upon which plaintiffs' claims are predicated were known or should have been known by them at the time the general release was

3

executed. Because plaintiffs incorporate the terms of the January 29, 2018 agreement into their complaint they have the obligation to set forth a plausible theory as to why the general release therein does not apply to their claims. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (holding that dismissal under Rule 12(b)(6) may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.")

      Here, plaintiffs allege in conclusory terms that all the alleged breaches "occurred after and/or were not discovered until after the parties entered into the Amendment." (Compl. ¶ 10.) However, plaintiffs allege no specific facts to support their allegation that the alleged breaches occurred after the parties signed the amendment or that plaintiffs did not know or suspect that their claims existed when they signed the amendment. Without some minimal explication of which alleged breaches occurred and when, the complaint is insufficient under the pleading standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), to adequately plead a claim for breach of contract.[1]

      Next, defendant argues that plaintiffs' claims of intentional misrepresentation and false promise are not pled with particularity as required under Rule 9(b). To state a claim for intentional misrepresentation plaintiffs must allege: (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting

---

[1] Moreover, plaintiffs do not allege that had they known or suspected that these claims existed, that knowledge would have materially affected their decision to sign the Letter of Understanding which contained the general release.

4

damage.  Chapman v. Skype Inc., 220 Cal. App. 4th 217, 230-31 (2d Dist. 2013).  "Each element of a fraud count must be pleaded with particularity so as to apprise the defendant of the specific grounds for the charge and enable the court to determine whether there is any basis for the cause of action."  Id.  False promise is a "subspecies" of fraud.  Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  "A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud."  Id.

Here, plaintiffs allege that James White and Ray Marshall made the following representations during meetings with plaintiffs' representatives prior to the execution of the agreement: (a) that the work would result in specified energy savings; (b) that defendant would perform the work in a good, workmanlike manner consistent with specifications; and (c) that prior to completion, defendant would use funds paid by plaintiffs to defendant only to purchase material and to perform work for plaintiffs' project. (Compl. ¶¶ 14-15.)  Plaintiffs further allege that defendant knew the representations were false when they were made, intended that plaintiffs rely on the representations and thereby induced plaintiffs to enter into the Agreement.  Plaintiffs further allege they relied on the representations, and as a result were harmed and suffered damages.  (Id. ¶¶ 20, 27.)

The only specific facts plaintiffs allege are the names of defendant's representatives who made the representations. There are no details regarding when the representations were

made, other than the vague allegation that the representations were made "during meetings," that occurred sometime before the execution of the parties' agreement. Such allegations do not meet the heightened pleading standard. See Segal Co. (E. States) v. Amazon.com, 280 F. Supp. 2d 1229, 1231 (W.D. Wash. 2003) ("[P]laintiffs' assertion that defendant's misrepresentations occurred over the course of "several weeks" does not adequately indicate when and where the alleged fraud took place."); See Ortiz v. Ocwen Loan Servicing, LLC, No. 08-cv-7663 MMM (RCX), 2009 WL 10671384, at *4 (C.D. Cal. June 17, 2009) (allegations that misrepresentations were made variously by defendant over the phone in March or April 2008, June 2008, and July 2008 do not adequately plead the time and place of the purported fraud). Accordingly, the court will dismiss plaintiffs' intentional misrepresentation and false promise claims with leave to amend.[2]

IT IS THEREFORE ORDERED that defendant Candle3's Motion to Dismiss Plaintiffs' Complaint (Docket No. 4) be, and hereby is, GRANTED.

Plaintiffs have twenty days from the date this Order is signed to file a First Amended Complaint, if they can do so consistent with this Order.

---

[2] The complaint also contains a claim for negligent misrepresentation. District courts in the Ninth Circuit appear to be divided on the issue whether such a claim is subject to Rule 9(b). Ronpak, Inc. v. Elecs. for Imaging, Inc., No. 14-cv-4058-JST, 2015 WL 179560, at *4 (N.D. Cal. Jan. 14, 2015). Without expressing an opinion on that issue here, the court assumes that plaintiffs will seek to amend their negligent misrepresentation claim to cure these deficiencies as well.

Dated: August 8, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE