1   SHARTSIS FRIESE LLP
    ROBERT CHARLES WARD (Bar #160824)
2   SANJEET S. GANJAM (Bar #285615)
    One Maritime Plaza, Eighteenth Floor
3   San Francisco, CA 94111-3598
    Telephone:    (415) 421-6500
4   Facsimile:    (415) 421-2922
    rward@sflaw.com
5   sganjam@sflaw.com

6   Attorneys for Plaintiffs and/or Counter-Defendants PRICE SIMMS
    HOLDINGS LLC,  MARIN LUXURY CARS, LLC,
7   PRICE-SIMMS PA, LLC, PRICE SIMMS, INC.,
    PRICE CARS SR, LLC, PRICE-SIMMS FAIRFIELD, LLC,
8   PRICE-SIMMS FORD, LLC, ADAM SIMMS, and CHRIS FIRLE

9           **UNITED STATES DISTRICT COURT**

10          **EASTERN DISTRICT OF CALIFORNIA**

11              **SACRAMENTO DIVISION**

12  PRICE SIMMS HOLDINGS LLC, dba Price      Case No. 2:18-cv-01851-WBS-KJN
    Simms Auto Group, a California Limited
13  Liability Company; MARIN LUXURY         **COUNTER DEFENDANTS PRICE**
    CARS, LLC dba Land Rover Marin, a       **SIMMS HOLDINGS LLC, ADAM SIMMS**
14  California limited liability company; PRICE-  **AND CHRIS FIRLE'S ANSWER TO**
    SIMMS PA, LLC dba McLaren San Francisco  **CANDLE3, LLC'S COUNTER-**
15  and Volvo Palo Alto, a California limited  **COMPLAINT**
    liability company; PRICE CARS SR, LLC dba
16  Toyota Marin and Scion Marin (a/k/a Toyota  **DEMAND FOR JURY TRIAL**
    & Scion Marin and Toyota Marin Used Cars),
17  a California limited liability company; PRICE-  Judge:       William B. Shubb
    SIMMS FAIRFIELD, LLC dba Mercedes
18  Benz of Fairfield, a California limited liability  Trial Date:   April 14, 2020
    company; PRICE-SIMMS FORD, LLC dba
19  Ford Lincoln Fairfield, a California limited
    liability company; and PRICE SIMMS, INC.
20  dba Toyota Sunnyvale, a California
    corporation,
21
                    Plaintiffs,
22
            v.
23
    CANDLE3, LLC, and DOES 1-20, inclusive,
24
                    Defendants.
25

26

27

28

COUNTER-DEFENDANTS' ANSWER TO
                        COUNTER-COMPLAINT

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

CANDLE3, LLC

        Counter-Plaintiff,

    v.

PRICE SIMMS HOLDINGS LLC, dba Price Simms Auto Group, a California limited liability Company; MARIN LUXURY CARS, LLC dba Land Rover Marin, a California limited liability company; PRICE SIMMS PA, LLC dba McLaren San Francisco and Volvo Palo Alto, a California limited liability company; PRICE CARS SR, LLC dba Toyota Marin and Scion Marin (a/k/a Toyota & Scion Marin and Toyota Marin Used Cars), a California limited liability company; PRICE-SIMMS FAIRFIELD, LLC dba Mercedes Benz of Fairfield, a California limited liability company; PRICE-SIMMS FORD, LLC dba Ford Lincoln Fairfield, a California limited liability company; and PRICE SIMMS, INC, dba Toyota Sunnyvale, a California corporation; ADAM SIMMS; CHRIS FIRLE,

        Counter-Defendants.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

COUNTER-DEFENDANTS' ANSWER TO
COUNTER-COMPLAINT

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

## ANSWER TO CANDLE3 LLC'S COUNTERCLAIM

Counter-Defendants Price Simms Holdings LLC ("Price Simms"), Adam Simms ("Simms") and Chris Firle ("Firle") (collectively, "Counter-Defendants") hereby file the following Answer and Affirmative Defenses to Candle3, LLC's ("Candle3" or "Counter-Plaintiff") Counter-Complaint.

## PARTIES

1. Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Counter-Complaint and therefore deny the same.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Counter-Defendants admit that Adam Simms is a Director of Price-Simms Management, Inc. and has been at all relevant times. Counter-Defendants further admit that Price-Simms Management, Inc. is the sole manager of Price Simms Holdings, LLC and has been at all relevant times. Counter-Defendants deny the remaining allegations in Paragraph 9 of the Counter-Complaint.

10. Denied.

## JURISDICTION AND VENUE

11. Counter-Defendants deny that they caused any harm to Counter-Plaintiff. The remaining allegations of Paragraph 11 of the Counter-Complaint contain legal conclusions and assertions to which no response is required.

12. Counter-Defendants deny that they caused any harm to Counter-Plaintiff. The remaining allegations of Paragraph 12 of the Counter-Complaint contain legal conclusions and

- 1 -

assertions to which no response is required.

13.    Counter-Defendants deny that they caused any harm to Counter-Plaintiff.   The remaining allegations of Paragraph 13 of the Counter-Complaint contain legal conclusions and assertions to which no response is required.

## BACKGROUND

14.    Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Counter-Complaint and therefore deny the same.

15.    Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Counter-Complaint and therefore deny the same.

## GENERAL ALLEGATIONS

16.    Counter-Defendants admit that or about March 25, 2016, Price Simms Holdings, LLC and Candle3 entered into a written agreement by which Candle3 was to perform "clean energy" construction work, including but not limited to, installation of LED lighting and Solar systems, at multiple locations operated by Price Simms Holdings, LLC and its related entities, to provide minimum specified energy savings (the "Agreement"), and that a copy of the Agreement is attached to Plaintiffs' Third Amended Complaint as Exhibit 1.  Counter-Defendants deny the remaining allegations in Paragraph 16 of the Counter-Complaint.

17.    Counter-Defendants admit that on or about June 28, 2016, Price Simms Holdings, LLC and Candle3 amended and restated the March 25, 2016 Agreement for the purpose of adding related entities of Price Simms Holdings, LLC, which operate the individual locations where the work was to be performed, as obligees to the Agreement.  Counter-Defendants deny the remaining allegations in Paragraph 17 of the Counter-Complaint.

18.    Denied.

19.    Counter-Defendants admit that on or about August 15, 2016, Price Simms Holdings, LLC, through a lender, made a payment to Candle3 of $2,463,664.  Counter-Defendants further admit that on or about January 29, 2018, Price Simms Holdings, LLC and

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

COUNTER-DEFENDANTS' ANSWER TO
COUNTER-COMPLAINT

Candle3 entered into a written amendment to the Agreement and subsequent change orders, styled as a "Letter of Understanding" ("LOU"), and as part of the LOU, Candle3 agreed to return $275,873. Counter-Defendants deny the remaining allegations in Paragraph 19 of the Counter-Complaint.

20.    Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Counter-Complaint and therefore deny the same.

21.    Counter-Defendants admit that on or about February 13, 2017, Price Simms Holdings, LLC made an additional payment to Candle3 of $2,232,849. Counter-Defendants further admit that included in the $2,232,849 payment was a deposit of $774,332 towards change orders for projects for McLaren San Francisco and Volvo Palo Alto, Toyota Sunnyvale, and Mercedes Fairfield. Counter-Defendants deny the remaining allegations in Paragraph 21 of the Counter-Complaint.

22.    Counter-Defendants admit that by on or about February 13, 2017, Price Simms Holdings, LLC had made payments to Candle3 totaling at least $4,696,513 towards the Agreement and subsequent change orders. Counter-Defendants further admit that as part of the LOU, Candle3 agreed to return $485,760 to Price Simms Holdings, LLC, representing deposits made for cancelled change orders for additional work at McLaren San Francisco and Volvo Palo Alto, and Mercedes Fairfield. Counter-Defendants deny the remaining allegations in Paragraph 22 of the Counter-Complaint.

23.    Denied.

24.    Counter-Defendants admit that Price Simms Holdings, LLC asked Candle3 to perform its obligations under the Agreement and subsequent change orders. Counter-Defendants deny the remaining allegations in Paragraph 24 of the Counter-Complaint.

25.    Counter-Defendants admit that on or about January 29, 2019, Price Simms Holdings, LLC and Candle3 entered into a written amendment to the Agreement and subsequent change orders, that document was styled as a "Letter of Understanding," and a copy of that document is attached to Plaintiffs' Third Amended Complaint as Exhibit 3. Counter-Defendants

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

COUNTER-DEFENDANTS' ANSWER TO
COUNTER-COMPLAINT

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

further admit that as part of the LOU, Candle3 agreed to pay Price Simms Holdings, LLC at least $300,000.  The remaining allegations of Paragraph 25 of the Counter-Complaint contain legal conclusions and assertions to which no response is required or purport to characterize the LOU, but that document speaks for itself.  To the extent a further response to the remaining allegations of Paragraph 25 of the Counter-Complaint is deemed necessary, Counter-Defendants deny the remaining allegations.

26.    Counter-Defendants admit that Price Simms Holdings, LLC changed the locks on Candle3's storage containers onsite at Price Simms Holdings, LLC's facilities on or about April 2018 because Price Simms Holdings, LLC was informed and believed that those containers contained equipment it had purchased from Candle3.  Counter-Defendants deny the remaining allegations in Paragraph 26 of the Counter-Complaint.

27.    Counter-Defendants admit that Price Simms Holdings, LLC received a payment of $300,000 from Candle3 after Candle3 signed the LOU.  Counter-Defendants deny the remaining allegations in Paragraph 27 of the Counter-Complaint.

28.    Denied.

29.    Denied.

30.    Counter-Defendants admit that on or about April 11, 2018, Chris Firle, on behalf of Price Simms Holdings, LLC, sent Candle3 a letter terminating the Agreement based on Candle3's material nonperformance and material breach.  The remaining allegations of Paragraph 30 of the Counter-Complaint contain legal conclusions and assertions to which no response is required or purport to characterize the LOU, but that document speaks for itself.  To the extent a further response to the remaining allegations of Paragraph 30 of the Counter-Complaint is deemed necessary, Counter-Defendants deny the remaining allegations.

31.    Denied.

### FIRST CAUSE OF ACTION
**(Breach of Contract as to Marin Luxury Cars Contract)**

32.    Counter-Defendants incorporate by reference their responses contained in Paragraphs 1 to 31 of this Answer.

- 4 -

33.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

34.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

35.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

36.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

**SECOND CAUSE OF ACTION**
**(Breach of Contract as to McLaren San Francisco Contract)**

37.     Counter-Defendants incorporate by reference their responses contained in Paragraphs 1 to 36 of this Answer.

38.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

39.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

40.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

41.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

42.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

43.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

44.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

45.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

46.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

### THIRD CAUSE OF ACTION
**(Breach of Contract as to Toyota Sunnyvale Contract)**

47.    Counter-Defendants incorporate by reference their responses contained in Paragraphs 1 to 46 of this Answer.

48.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

49.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

50.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

51.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

52.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

53.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

## FOURTH CAUSE OF ACTION
### (Breach of Contract as to Toyota Marin & Scion Marin Contract)

54.     Counter-Defendants incorporate by reference their responses contained in Paragraphs 1 to 53 of this Answer.

55.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

56.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

57.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

58.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

59.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

60.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

61.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

### FIFTH CAUSE OF ACTION
**(Breach of Contract as to Toyota Marin)**

62.    Counter-Defendants incorporate by reference their responses contained in Paragraphs 1 to 61 of this Answer.

63.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

64.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

65.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

66.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

67.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

68.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.    To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Case No.
2:18-cv-01851-WBS-KJN

COUNTER-DEFENDANTS' ANSWER TO
COUNTER-COMPLAINT

69.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

### SIXTH CAUSE OF ACTION
**(Breach of Contract as to Toyota Marin – Used Cars Contract)**

70.    Counter-Defendants incorporate by reference their responses contained in Paragraphs 1 to 69 of this Answer.

71.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

72.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

73.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

74.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

75.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

76.    The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

### SEVENTH CAUSE OF ACTION
**(Breach of Contract as to Mercedes-Benz of Fairfield Contract)**

77.    Counter-Defendants incorporate by reference their responses contained in

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

COUNTER-DEFENDANTS' ANSWER TO
COUNTER-COMPLAINT

1    Paragraphs 1 to 76 of this Answer.

2        78.    The allegations of this paragraph are directed to another counter-defendant and

3    therefore require no response from Counter-Defendants.   To the extent an answer may be

4    required, Counter-Defendants deny the allegations of this paragraph.

5        79.    The allegations of this paragraph are directed to another counter-defendant and

6    therefore require no response from Counter-Defendants.   To the extent an answer may be

7    required, Counter-Defendants deny the allegations of this paragraph.

8        80.    The allegations of this paragraph are directed to another counter-defendant and

9    therefore require no response from Counter-Defendants Denied.

10       81.    The allegations of this paragraph are directed to another counter-defendant and

11   therefore require no response from Counter-Defendants.   To the extent an answer may be

12   required, Counter-Defendants deny the allegations of this paragraph.

13       82.    The allegations of this paragraph are directed to another counter-defendant and

14   therefore require no response from Counter-Defendants.   To the extent an answer may be

15   required, Counter-Defendants deny the allegations of this paragraph.

16       83.    The allegations of this paragraph are directed to another counter-defendant and

17   therefore require no response from Counter-Defendants.   To the extent an answer may be

18   required, Counter-Defendants deny the allegations of this paragraph.

19       84.    The allegations of this paragraph are directed to another counter-defendant and

20   therefore require no response from Counter-Defendants.   To the extent an answer may be

21   required, Counter-Defendants deny the allegations of this paragraph.

22                    **EIGHTH CAUSE OF ACTION**
                **(Breach of Contract as to Ford Lincoln Fairfield Contract)**
23

24       85.    Counter-Defendants  incorporate  by  reference  their  responses  contained  in

25   Paragraphs 1 to 84 of this Answer.

26       86.    The allegations of this paragraph are directed to another counter-defendant and

27   therefore require no response from Counter-Defendants.   To the extent an answer may be

28   required, Counter-Defendants deny the allegations of this paragraph.

COUNTER-DEFENDANTS' ANSWER TO
COUNTER-COMPLAINT

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

SHARTSIS FRIESE LLP
ONE MARITME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

87.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

88.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

## CALCULATION OF ALL UNPAID DEPOSITS ON ALL EIGHT CONTRACTS[1]:

89.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

90.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

91.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

### Full Performance[2]

92.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be required, Counter-Defendants deny the allegations of this paragraph.

93.     The allegations of this paragraph are directed to another counter-defendant and therefore require no response from Counter-Defendants.  To the extent an answer may be

---

[1] This subtitle is repeated from Candle3's Counter-Complaint for organizational purposes.  The allegations of this subtitle are directed to another counter-defendant and therefore require no response from Counter-Defendants.  Counter-Defendants deny the allegations contained within this subtitle.  To the extent an answer may be required, Counter-Defendants deny the allegations of this subtitle.

[2] This subtitle is repeated from Candle3's Counter-Complaint for organizational purposes.  The allegations of this subtitle are directed to another counter-defendant and therefore require no response from Counter-Defendants.  Counter-Defendants deny the allegations contained within this subtitle.  To the extent an answer may be required, Counter-Defendants deny the allegations of this subtitle.

Case No.
2:18-cv-01851-WBS-KJN

COUNTER-DEFENDANTS' ANSWER TO
COUNTER-COMPLAINT

SHARTSIS FRIESE LLP
ONE MARITME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

1   required, Counter-Defendants deny the allegations of this paragraph.

2   **Performance Made Impossible by Price Simms' Breach[3]**

3       94.     The allegations of this paragraph are directed to another counter-defendant and

4   therefore require no response from Counter-Defendants.   To the extent an answer may be

5   required, Counter-Defendants deny the allegations of this paragraph.

6       95.     The allegations of this paragraph are directed to another counter-defendant and

7   therefore require no response from Counter-Defendants.   To the extent an answer may be

8   required, Counter-Defendants deny the allegations of this paragraph.

9       96.     The allegations of this paragraph are directed to another counter-defendant and

10  therefore require no response from Counter-Defendants.   To the extent an answer may be

11  required, Counter-Defendants deny the allegations of this paragraph.

12      97.     The allegations of this paragraph are directed to another counter-defendant and

13  therefore require no response from Counter-Defendants.   To the extent an answer may be

14  required, Counter-Defendants deny the allegations of this paragraph.

15                          **NINTH CAUSE OF ACTION**
                      **(Quantum Meruit as to All Eight Contracts)**
16

17      98.     Counter-Defendants incorporate by reference their responses contained in

18  Paragraphs 1 to 97 of this Answer.   The remaining allegations of this paragraph are directed to

19  another counter-defendant and therefore require no response from Counter-Defendants.   To the

20  extent an answer may be required, Counter-Defendants deny the remaining allegations of this

21  paragraph.

22      99.     The allegations of this paragraph are directed to another counter-defendant and

23  therefore require no response from Counter-Defendants.   To the extent an answer may be

24  required, Counter-Defendants deny the allegations of this paragraph.

25

26  ─────────────
    [3] This subtitle is repeated from Candle3's Counter-Complaint for organizational purposes.   The
27  allegations of this subtitle are directed to another counter-defendant and therefore require no
    response from Counter-Defendants.   Counter-Defendants deny the allegations contained within
    this subtitle.   To the extent an answer may be required, Counter-Defendants deny the allegations
28  of this subtitle.

- 12 -

1       100.    The allegations of this paragraph are directed to another counter-defendant and

2    therefore require no response from Counter-Defendants.   To the extent an answer may be

3    required, Counter-Defendants deny the allegations of this paragraph.

4                            **TENTH CAUSE OF ACTION**
                     **(Quantum Meruit as to Extra-Contractual Materials**
5                    **and Services Provided to Price Simms and Chris Firle)**

6       101.    Counter-Defendants incorporate by reference their responses contained in

7    Paragraphs 1 to 100 of this Answer.   Counter-Defendants deny the remaining allegations of this

8    paragraph.

9       102.    Denied.

10      103.    Denied.

11                          **ELEVENTH CAUSE OF ACTION**
                    **(Quantum Meruit as to Extra-Contractual Services**
12                       **Provided to Chris Firle as an Individual)**

13      104.    Counter-Defendants incorporate by reference their responses contained in

14   Paragraphs 1 to 103 of this Answer.   Counter-Defendants deny the remaining allegations of this

15   paragraph.

16      105.    Denied.

17      106.    Denied.

18                          **TWELFTH CAUSE OF ACTION**
                    **(Quantum Meruit as to Extra-Contractual Services**
19                       **Provided to Price Simms and Adam Simms)**

20      107.    Counter-Defendants incorporate by reference their responses contained in

21   Paragraphs 1 to 106 of this Answer.   Counter-Defendants deny the remaining allegations of this

22   paragraph.

23      108.    Denied.

24      109.    Denied.

25                         **THIRTEENTH CAUSE OF ACTION**
                  **(Intentional Misrepresentation as to Price Simms Holdings)**
26

27      110.    Counter-Defendants incorporate by reference their responses contained in

28   Paragraphs 1 to 109 of this Answer.   Price Simms denies the remaining allegations of this

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 13 -

paragraph. The remaining allegations of this paragraph are not directed towards Simms and Firle. To the extent an answer may be required by Simms and Firle, they deny the remaining allegations of this paragraph.

111. Counter-Defendants admit that on or about January 29, 2019, Price Simms and Candle3 entered into the LOU and as part of that LOU, Candle3 agreed to pay Price Simms at least $300,000. Price Simms denies the remaining allegations of this paragraph. The allegations of this paragraph are not directed towards Simms and Firle. To the extent an answer may be required by Simms and Firle, they deny the allegations of this paragraph.

112. Price Simms denies the allegations of this paragraph. The allegations of this paragraph are not directed towards Simms and Firle. To the extent an answer may be required by Simms and Firle, they deny the allegations of this paragraph.

113. Price Simms denies the allegations of this paragraph. The allegations of this paragraph are not directed towards Simms and Firle. To the extent an answer may be required by Simms and Firle, they deny the allegations of this paragraph.

114. Price Simms denies the allegations of this paragraph. The allegations of this paragraph are not directed towards Simms and Firle. To the extent an answer may be required by Simms and Firle, they deny the allegations of this paragraph.

115. Price Simms denies the allegations of this paragraph. The allegations of this paragraph are not directed towards Simms and Firle. To the extent an answer may be required by Simms and Firle, they deny the allegations of this paragraph.

116. Price Simms denies the allegations of this paragraph. The allegations of this paragraph are not directed towards Simms and Firle. To the extent an answer may be required by Simms and Firle, they deny the allegations of this paragraph.

## FOURTEENTH CAUSE OF ACTION
### (Interference with Contract as to Price Simms Holdings, Adam Simms and Chris Firle)

117. Counter-Defendants incorporate by reference their responses contained in Paragraphs 1 to 116 of this Answer.

118. No response is required by Counter-Defendants because the Court has dismissed

- 14 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

the Fourteenth Cause of Action with prejudice.

119.    No response is required by Counter-Defendants because the Court has dismissed the Fourteenth Cause of Action with prejudice.

120.    No response is required by Counter-Defendants because the Court has dismissed the Fourteenth Cause of Action with prejudice.

121.    No response is required by Counter-Defendants because the Court has dismissed the Fourteenth Cause of Action with prejudice.

122.    No response is required by Counter-Defendants because the Court has dismissed the Fourteenth Cause of Action with prejudice.

123.    No response is required by Counter-Defendants because the Court has dismissed the Fourteenth Cause of Action with prejudice.

124.    No response is required by Counter-Defendants because the Court has dismissed the Fourteenth Cause of Action with prejudice.

125.    No response is required by Counter-Defendants because the Court has dismissed the Fourteenth Cause of Action with prejudice.

126.    No response is required by Counter-Defendants because the Court has dismissed the Fourteenth Cause of Action with prejudice.

## CANDLE3'S PRAYER FOR RELIEF

Counter-Defendants deny that Candle3 is entitled to any relief requested in its Prayer for Relief.

## COUNTER-DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure To State A Claim)

Candle3's Counter-Complaint fails to state a claim against Counter-Defendants upon which relief can be granted.

### Second Affirmative Defense
### (Unclean Hands)

Candle3's Counter-Complaint is barred by Candle3's wrongful conduct and unclean hands.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 15 -

**Third Affirmative Defense**
**(Failure To Mitigate)**

Candle3's is barred from recovering because it failed to mitigate its damages, if any.

**Fourth Affirmative Defense**
**(Estoppel)**

Candle3's Counter-Complaint is barred by the doctrine of estoppel.

**Fifth Affirmative Defense**
**(Waiver)**

Candle3's Counter-Complaint is barred by the doctrine of waiver.

**Sixth Affirmative Defense**
**(Setoff)**

To the extent Candle3 is entitled to any relief under the Counter-Complaint, Counter-Defendants are entitled to a setoff for damages proximately caused by Candle3.

**Seventh Affirmative Defense**
**(Privilege and Justification)**

Counter-Defendants' actions at all time were privileged, justified, and in good faith.

**Eighth Affirmative Defense**
**(No Causation)**

To the extent Candle3 alleges any damages in the Counter-Complaint, such damages were not proximately caused by the actions of Counter-Defendants.

**Ninth Affirmative Defense**
**(No Damages)**

Candle3's Counter-Complaint is barred because Candle3 has suffered no legally cognizable damages.

**Tenth Affirmative Defense**
**(Statute of Frauds)**

Candle3's Counter-Complaint is barred by the Statute of Frauds.

**Eleventh Affirmative Defense**
**(Accord And Satisfaction)**

Candle3's Counter-Complaint is barred by the doctrine of accord and satisfaction.

**Twelfth Affirmative Defense**
**(Candle3's Breach Of Contract)**

SHARTSIS FRIESE LLP
ONE MARITME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

1    Candle3's Counter-Complaint is barred because Candle3 is barred from recovering by its

2    own breach of contract.

**Thirteenth Affirmative Defense**
**(Unjust Enrichment)**

3

4    Candle3's Counter-Complaint is barred because any recovery by Candle3 would

5    constitute unjust enrichment.

6

**Fourteenth Affirmative Defense**
**(Performance Excused)**

7

8    Candle3's Counter-Complaint is barred because Counter-Defendants' performance was

9    excused.

**Fifteenth Affirmative Defense**
**(Failure Of Condition Precedent)**

10

11

12    Candle3's Counter-Complaint is barred because conditions precedent to Counter-

13    Defendants' performance failed.

**Sixteenth Affirmative Defense**
**(Misrepresentation)**

14

15    Candle3's Counter-Complaint is barred because of Candle3's intentional and/or negligent

16    misrepresentations.

**Seventeenth Affirmative Defense**
**(Adequate Remedy At Law)**

17

18

19    Candle3 is not entitled to equitable relief because it has an adequate remedy at law.

**Eighteenth Affirmative Defense**
**(Consent)**

20

21    Candle3 consented to all the acts and omissions about which it now complains.

22

**Nineteenth Affirmative Defense**
**(Comparative Fault/Contributory Negligence)**

23

24    Candle3 did not exercise ordinary care, caution and prudence in connection with the

25    transactions and events that are alleged in the complaint; Candle3's lack of care, caution and

26    prudence were independent and unrelated to the actions, if any, of Counter-Defendants.

27    Moreover, Candle3 directed, ordered, approved and/or ratified the alleged wrongful acts set forth

28    in the complaint.  Candle3 is therefore barred from recovery against Counter-Defendants, or,

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

alternatively, Candle3's recovery, if any, should be proportionately reduced under the doctrines of comparative fault and contributory negligence.

### Twentieth Affirmative Defense
### (Inadequate Consideration)

Candle3 is barred from recovering any damages or other relief by reason of a lack, or inadequacy, of consideration that defeats the effectiveness of the contract between the parties.

### Twenty-First Affirmative Defense
### (Failure of Consideration)

Candle3 is barred from recovering any damages or other relief by reason of a failure of consideration.

### Twenty-Second Affirmative Defense
### (Modification)

The causes of action in the Counter-Complaint are barred by reason of the provisions of Section 1698 of the Civil Code governing the modification of contracts and the law relevant thereto.

### Twenty-Third Affirmative Defense
### (Implied And/Or Express Warranties)

Candle3 is barred from recovering any damages or other relief by reason of its breaches of implied and/or express warranties.

### Twenty-Fourth Affirmative Defense
### (Acts/Omissions of Others)

Counter-Defendants are not liable for damages alleged due to the acts and omissions of others.

### Twenty-Fifth Affirmative Defense
### (Violation of Public Policy)

Candle3's Counter-Complaint is barred because Candle3 has violated public policy by engaging in illegal conduct.

### Twenty-Sixth Affirmative Defense
### (Additional Defenses)

Counter-Defendants reserve the right to assert additional affirmative defenses which have not otherwise been asserted by Counter-Defendants in this Answer.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

1

**PRAYER**

2

WHEREFORE, Counter-Defendants pray for judgment as follows:

3

1.    That Candle3 take nothing by its Counter-Complaint; and

4

2.    That the Court award Counter-Defendants their attorneys' fees and costs of suit

5

herein incurred.

6

**DEMAND FOR JURY**

7

Counter-Defendants demand a trial by jury for all issues so triable.

8

Dated:  May 22, 2019                    SHARTSIS FRIESE LLP

9

10

*/s/ Sanjeet S. Ganjam*

By:      SANJEET S. GANJAM

11

Attorneys for Plaintiffs and/or Counter-

12

Defendants PRICE SIMMS HOLDINGS LLC,
MARIN LUXURY CARS, LLC,

13

PRICE-SIMMS PA, LLC,  PRICE SIMMS, INC.,
PRICE CARS SR, LLC, PRICE-SIMMS

14

FAIRFIELD, LLC, PRICE-SIMMS FORD, LLC,
ADAM SIMMS, and CHRIS FIRLE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Case No.
2:18-cv-01851-WBS-KJN

COUNTER-DEFENDANTS' ANSWER TO
COUNTER-COMPLAINT

**PROOF OF SERVICE**

I, Lisa Aziz, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, Eighteenth Floor, San Francisco, California  94111.  I am over the age of eighteen years and am not a party to the within-entitled action.

On May 22, 2019 at Shartsis Friese LLP located at the above-referenced address, and, pursuant to California Rules of Court, Federal Rules of Civil Procedure, Civil Code of Procedure, and local rules, I served on the interested parties in said cause a copy of the within document(s):

**COUNTER DEFENDANTS MARIN LUXURY CARS, LLC, PRICE-SIMMS PA, LLC, PRICE CARS SR, LLC, PRICE-SIMMS FAIRFIELD, LLC, PRICE-SIMMS FORD, LLC AND PRICE-SIMMS, INC.'S ANSWER TO CANDLE3, LLC'S COUNTER-COMPLAINT**

☐    by electronically delivering the document(s) listed above on this date from electronic address sflaw.com, and after which transmission I did not receive within a reasonable time any electronic message or other indication that the transmission was unsuccessful, to electronic mail address(es) set forth below: (☐ by agreement / ☐ not by agreement).

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid in accordance with the firm's practice, of which I am familiar, of collection and processing correspondence for mailing on the same day to the person(s) at the address(es) set forth below:

☑    by E-Service in conjunction with E-Filing the document(s) listed above through an e-filing vendor approved by this Court.  The name of the vendor and the transaction receipt I.D. are given in the vendor's emailed Notification of Service.

George W. Wolff, Esq.
Michael W. Squeri, Esq.
Law Office of George W. Wolff
P.O. Box 26749
San Francisco, CA 94126-6749
Email: George@wolfflaw.com;
Michael@wolfflaw.com; mwsqueri@gmail.com

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Case No. 2:18-cv-01851-WBS-KJN     CERTIFICATE OF SERVICE

1     I declare under penalty of perjury under the laws of the State of California that the

2     foregoing is true and correct.

3     Executed on May 22, 2019, at San Francisco, California.

4                                                                          Lisa Aziz

8409547

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 18 -
PROOF OF SERVICE