UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRICE SIMMS HOLDINGS, LLC, et al., | No. 2:18-cv-1851-WBS-KJN |
| Plaintiffs, | ORDER ON REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT CANDLE3 |
| v. | |
| CANDLE3, LLC, | (ECF No. 118) |
| Defendant. | |

Presently pending before the court is a motion for an entry of default brought by plaintiffs/counter-defendants Price Simms (et al.) against defendant/counterclaimant Candle3, as well as a motion to dismiss Candle3's counterclaims for failure to prosecute.[1] (ECF No. 118.) Candle3 previously appeared, answered, and generally participated in this action. However, since late 2019, Candle3 has failed to respond to any of Price Simms's discovery requests or this court's discovery orders, despite ample notice. Further, since February 2020, Candle3 has been without counsel after previous counsel was permitted to withdraw.

For the reasons stated below, the court orders default be entered against Candle3. For judicial economy, the court will defer ruling on Price Simms's motion to dismiss, and will instead take up this issue alongside Price Simms's forthcoming motion for default judgment.

---

[1] This motion is referred to the undersigned by Local Rule 302(c). See 28 U.S.C. § 636(b)(1)(B).

1

**Legal Standard for Entry of Default and Default Judgment**

Securing a default judgment is a multi-step process that first requires an entry of default against the party, then an entry of a default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); see also VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[D]efault is dealt with in Rule 55(a), and [] judgment is dealt with in Rule 55(b)."). Under Rule 55(a), default may be entered against a party who fails to plead or otherwise defend in an action where an opposing party seeks a judgment for affirmative relief. An entry of default "cuts off Defendants' rights to appear in this action, file counterclaims, or to present a defense." Great Am. Ins. Co. v. M.J. Menefee Const., Inc., 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006) (citing Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927)). The entry is non-dispositive, and "does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see also U.S. v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004) ("Entry of default is an interlocutory order—entered in anticipation of a final judgment—formally recognizing that a party "has failed to plead or otherwise defend[.]"); cf. Stephenson v. Lappin, 2007 WL 1577632, at *1 (E.D. Cal. May 31, 2007) (entry of default characterized as "non-dispositive"); with Johnson v. Goldsmith, 542 F. App'x 607 (9th Cir. 2013) (sanction entering default *and* striking answer was case-dispositive and appealable).

Once default is entered, all well-pleaded factual allegations in the operative complaint are taken as true—except for those relating to damages. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "Necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992); DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (same); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). The decision to grant or deny an application for default judgment lies within the district court's sound discretion. Eitel, 782 F.2d at 1471. Default judgments are ordinarily disfavored, and are only granted after the court considers a number of factors. See Id. at 1471-72.

**Analysis**

**I.     An entry of default against Candle3 is appropriate for its failure to defend.**

As noted above, Rule 55(a) mandates the entry of default against a party who has "otherwise failed to defend" itself in an action. Fed. R. Civ. P. 55(a). The rule does not define what situations constitute a failure to defend, but the Ninth Circuit has found a situation similar to this case demonstrates such an occurrence. In U.S. v. High Country Broadcasting Co., Inc., an individual purporting to be an attorney attempted to enter on behalf of a corporation and file an answer. 3 F.3d 1244, 1245 (9th Cir. 1993). The individual was not a licensed attorney, however, and so the district court ordered the corporation to obtain counsel. Id. (citing Rowland v. California Men's Colony, 506 U.S. 194 (1993) ("A corporation may appear in federal court only through licensed counsel."). When the corporation failed to obtain counsel, the district court entered a default judgment against it. Id. The Ninth Circuit found the default "perfectly appropriate." Id. (citing Shearson Loeb Rhoades, Inc. v. Quinard, 751 F.2d 1102 (9th Cir. 1985).

Here, Candle3 at first participated in this action. After Price Simms filed its complaint in California Superior Court, Candle3 removed to this court, filed multiple 12(b) motions, answered the Third Amended Complaint, filed counterclaims, and opposed Price Simms's motion to dismiss the counterclaims. (See ECF Nos. 1, 4, 16, 21, 59, 70.) After the pleadings were finally settled in May of 2019, Candle3 moved to compel discovery responses from Price Simms, and appeared at a hearing before the undersigned in the summer of 2019. (ECF Nos. 80, 84, 87.)

However, in November 2019, counsel for Candle3 moved to withdraw, and Price Simms filed a motion to compel discovery shortly thereafter. (ECF Nos. 93, 97.) The undersigned postponed the motion to compel until after Candle3's counsel issue was sorted. (ECF No. 103.) In early 2020, the district court heard arguments as to why counsel should be permitted to withdraw. (See ECF No. 105.) District Judge Shubb granted the motion after Candle3's president, Jim White, informed the court that he was in the process of securing new counsel for Candle3. (ECF No. 109.) However, after the withdrawal was granted, no new counsel appeared on behalf of Candle3. In April 2020, the undersigned ordered the parties to update the court on the status of the pending discovery dispute, including an order for Candle3 to update all parties on

1  the status of counsel.  (ECF No. 111.)  Candle3 did not respond to this order, and service was
2  returned as undeliverable.  (ECF Nos. 112, 113, 114.)  As the record contained a letter from a
3  Colorado attorney indicating Candle3 was in the process of securing his representation (ECF No.
4  107), the undersigned ordered this attorney to inform all of the status of any representation
5  agreement.  (ECF No. 114, 115.)  This order was served on Candle3 at two of its corporate
6  addresses, and each was returned as undeliverable.  (ECF No. 115.)  At a June 10, 2020
7  telephonic hearing, the Colorado attorney appeared and confirmed that he was not representing
8  Candle3.  (ECF No. 116.)  Counsel for Price Simms confirmed that they had had no contact from
9  anyone at Candle3 since early 2020.  (Id.)  Price Simms stated it intended to move for default, and
10 the undersigned directed this motion to be filed within 14 days.  (ECF No. 117.)

   Thus, because Candle3 has failed to respond to any of the court's orders, has failed to
12 obtain new counsel for his company (despite Mr. White's representations to the district judge that
13 he would do so), and has otherwise been incommunicado since February of 2020, the undersigned
14 finds Candle3 has "otherwise failed to defend" itself against Price Simms's claims stated in the
15 Third Amended Complaint.  Therefore, an entry of default is appropriate.  Fed. R. Civ. P. 55(a);
16 High Country Broadcasting, 3 F.3d at 1245.

**II.   For judicial economy, the court refrains from sua sponte issuing a default judgment and defers ruling on the motion to dismiss Candle3's counterclaims.**

   Contained in the motion for entry of default is Price Simms's motion to dismiss Candle3's
20 counterclaims for failure to prosecute.  (See ECF No. 118.)  The undersigned finds Price Simms's
21 arguments well taken, but for purposes of judicial economy will not take up this issue at this time.

   A motion to dismiss for failure to prosecute is a dispositive order, which would require the
23 entry of findings and recommendations—followed by a two-week objections period and a period
24 of review by the district judge.  See 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). Conversely,
25 an entry of default is non-dispositive, and so the undersigned can order its entry without having to
26 issue findings and recommendations.  See $23,000 in U.S. Currency, 356 F.3d at 163 ("Entry of
27 default is an interlocutory order—entered in anticipation of a final judgment—formally
28 recognizing that a party "has failed to plead or otherwise defend[.]"); see also Stephenson, 2007

4

1  WL 1577632 at *1 (entry of default characterized as "non-dispositive").  Further, the entry of a

2  full default judgment also requires the issuance of findings and recommendations.  See 28 U.S.C.

3  § 636(b)(1)(B).  The undersigned cannot rule on all aspects of the default judgment at this time

4  (for one because Price Simms did not move for judgment in the instant motion, and for two

5  because some aspects of Price Simms's damages may require judicial fact finding), it would be

6  inefficient to issue piecemeal findings and recommendations.

7  Thus, for the sake of judicial economy, Price Simms may renew its motion to dismiss for

8  failure to prosecute alongside the forthcoming motion for default judgment.  Since Candle3

9  previously answered in this action, due process requires this forthcoming motion be noticed for a

10  hearing and served on Candle3 (even though it will likely be returned as undeliverable, as with

11  previous notices).  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993) (finding that in

12  a Rule 55(b) default judgment proceeding, "notice is only required where the party has made an

13  appearance.").

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Pursuant to Local Rule 230(g), the hearing on plaintiff's motion for entry of default and motion to dismiss (ECF No. 118), currently scheduled for July 30, 2020, is VACATED, and the motion is taken under submission without oral argument;
2. The Clerk of the Court is directed to enter default against Candle3; and
3. After default has been entered, Price Simms may submit a fully briefed motion for default judgment, and therein may renew the motion to dismiss all counterclaims.

Dated:  July 23, 2020

pric.1851

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE