SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
SANJEET S. GANJAM (Bar #285615)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA  94111-3598
Telephone:     (415) 421-6500
Facsimile:      (415) 421-2922
rward@sflaw.com
sganjam@sflaw.com

Attorneys for Plaintiffs and/or Counter-Defendants PRICE SIMMS
HOLDINGS LLC, MARIN LUXURY CARS, LLC,
PRICE-SIMMS PA, LLC, PRICE SIMMS, INC.,
PRICE CARS SR, LLC, PRICE-SIMMS FAIRFIELD, LLC,
PRICE-SIMMS FORD, LLC, ADAM SIMMS, and CHRIS FIRLE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| PRICE SIMMS HOLDINGS LLC, dba Price Simms Auto Group, a California Limited Liability Company; MARIN LUXURY CARS, LLC dba Land Rover Marin, a California limited liability company; PRICE-SIMMS PA, LLC dba McLaren San Francisco and Volvo Palo Alto, a California limited liability company; PRICE CARS SR, LLC dba Toyota Marin and Scion Marin (a/k/a Toyota & Scion Marin and Toyota Marin Used Cars), a California limited liability company; PRICE-SIMMS FAIRFIELD, LLC dba Mercedes Benz of Fairfield, a California limited liability company; PRICE-SIMMS FORD, LLC dba Ford Lincoln Fairfield, a California limited liability company; and PRICE SIMMS, INC. dba Toyota Sunnyvale, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CANDLE3, LLC, and DOES 1-20, inclusive,<br><br>Defendants.<br><br>**AND RELATED COUNTER-COMPLAINT** | Case No. 2:18-cv-01851-WBS-KJN<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER RULE 54; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date**:  June 14, 2021<br>**Time**:  1:30 p.m.<br>**Courtroom:**  5 (14th Floor)<br>**Mag. Judge**:  Hon. William B. Shubb<br><br>**[NO HEARING REQUESTED UNLESS REQUESTED BY COURT]** |

**TO THE HONORABLE WILLIAM B. SHUBB AND DEFENDANT AND COUNTER-PLAINTIFF CANDLE3, LLC:**

**PLEASE TAKE NOTICE** that on June 14, 2021 at 1:30 p.m., or soon thereafter as the Court is available, in Courtroom 5 of the above-captioned court located at 501 I Street# 4200, Sacramento, California, Plaintiffs and/or Counter-Defendants Price Simms Holdings LLC, Marin Luxury Cars, LLC, Price-Simms PA, LLC, Price Cars SR, LLC, Price-Simms Fairfield, LLC, Price-Simms Ford, LLC and Price Simms, Inc., Adam Simms and Chris Firle (collectively, "Plaintiffs" or "Price-Simms"), will, and hereby do move for an award of contractual attorneys' fees against Defendant and Counter-plaintiff Candle3, LLC ("Candle3").

This motion is made under Federal Rule of Civil Procedure ("Rule") 54(d)(2) on the grounds that, if the Court adopts Magistrate Judge Kendall J. Newman's April 6, 2021 Findings and Recommendations on Price-Simms' Motion for Default Judgment and Motion to Dismiss Counterclaims, and grants a default judgment in favor of Price-Simms on its breach of contract claim and dismisses Candle3's counter-claims, Price-Simms will be the prevailing party under the contract breached by Candle3 and is entitled to an award of attorneys' fees.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Sanjeet S. Ganjam, the Declaration of James Schwarz, as well as all records and pleadings on file with the Court in this action and on such further evidence and argument as may be presented at or before a hearing.

Dated: April 20, 2021                    SHARTSIS FRIESE LLP

                                         By:  */s/ Sanjeet S. Ganjam*
                                              SANJEET S. GANJAM

                                         Attorneys for Plaintiffs and/or Counter-Defendants
                                         PRICE SIMMS HOLDINGS LLC, MARIN
                                         LUXURY CARS, LLC, PRICE-SIMMS PA, LLC,
                                         PRICE SIMMS, INC., PRICE CARS SR, LLC,
                                         PRICE-SIMMS FAIRFIELD, LLC, PRICE-SIMMS
                                         FORD, LLC, ADAM SIMMS, and CHRIS FIRLE

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................................... 2

    A. The Parties ................................................................................................................ 2

    B. The Agreement ......................................................................................................... 2

    C. Candle3's Failure To Perform Under The Agreement ............................................ 3

    D. Procedural Background ............................................................................................ 3

        1. Price-Simms' Complaint against Candle3 ................................................... 3

        2. Candle3's counterclaims .............................................................................. 3

        3. Candle3's overbroad discovery requests ..................................................... 4

        4. Candle3's default ......................................................................................... 4

    E. The Findings ............................................................................................................. 5

    F. The Agreement's Fee-Shifting Provision ................................................................ 6

    G. The Attorneys' Fees Price-Simms Seeks And The Work Performed ..................... 6

III. ARGUMENT ......................................................................................................................... 6

    A. Price-Simms Is The Prevailing Party And Is Entitled To Its Attorneys' Fees. ....................................................................................................................... 6

    B. The Attorneys' Fees Price-Simms Seeks Is Reasonable ......................................... 7

    C. No Apportionment Of Price-Simms' Attorneys' Fees Is Warranted. ..................... 8

IV. CONCLUSION ...................................................................................................................... 9

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- i -

Case No. 2:18-cv-01851-WBS-KJN

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER RULE 54; MPA

# TABLE OF AUTHORITIES

**Page(s)**

**STATE CASES**

*Abdallah v. United Savings Bank*,
 43 Cal. App. 4th 1101 ................................................................................................8

*Amtower v. Photon Dynamics, Inc.*,
 158 Cal. App. 4th 1582 (2008) ...................................................................................9

*Hsu v. Abbara*,
 9 Cal. 4th 863 (1995) ............................................................................................1, 2

*Lockton v. O'Rourke*,
 184 Cal. App. 4th 1051 (2010) ...................................................................................8

*Scott Co. v. Blount, Inc.*,
 20 Cal. 4th 1103 (1999) ..............................................................................................6

**STATE STATUTES**

Cal. Civ. Code § 1717 ......................................................................................................1, 6, 7

## I. INTRODUCTION

If the Court adopts the April 6, 2021 Findings and Recommendations on Price-Simms' Motion for Default Judgment and Motion to Dismiss Counterclaims (the "Findings"), Price-Simms will have prevailed in this action for breach of contract. ECF Dkt. No. 140. The Findings by Magistrate Judge Kendall J. Newman recommends that the Court enter a default judgment in favor of Price-Simms on its breach of contract claim and award $3,340,256 in damages to Price-Simms, which is the full amount sought by Price-Simms. The Findings further recommend that Candle3's counterclaims be dismissed with prejudice for failure to prosecute. If the Court enters judgment consistent with those Findings, Price-Simms will have obtained a simple, unqualified victory by completely prevailing in this action, in spite of Candle3's early, vigorous defense of the action, which included three rounds of Rule 12(b)(6) motions to dismiss, a counter-complaint that pleaded meritless common counts against Price-Simms' management and overbroad discovery requests that required lengthy objections and a voluminous document production.

The Court should find that Price-Simms is the prevailing party and award it attorneys' fees pursuant to the Parties' agreement and California law. Section 11.1 of the Parties' June 28, 2016 Amended Clean Energy Agreement (the "Agreement"), under which this action arises, provides:

> In the event that any dispute or difference is brought arising from or relating to this Agreement or the breach, termination or validity thereof, <u>the prevailing party . . . shall be entitled to recover from the other party all reasonable attorneys' fees incurred</u>, together with such other expenses, costs and disbursements as may be allowed by law.

Declaration of Sanjeet S. Ganjam in support of the instant motion ("Ganjam Dec.") Ex. A (Agreement) § 11.1 (emphasis added). In an action on a contract containing a fee-shifting provision like this one, California law provides that the party who achieves "a simple, unqualified [victory] . . . is the prevailing party on the contract as a matter of law and therefore entitled to reasonable attorney fees under [California Civil Code] section 1717." *Hsu v. Abbara*, 9 Cal. 4th 863, 866 (1995).

Price-Simms seeks an award of $234,390.00 in attorneys' fees, which is the actual amount

- 1 -

| Case No. 2:18-cv-01851-WBS-KJN | NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER RULE 54; MPA |

incurred by Price-Simms in this action. The Court should award this full amount because it is reasonable given the extensive discovery, pleadings and motion practice early in the litigation, followed by the voluminous factual record required to prove-up Candle3's breach, and more than proportional to the $3,340,256 in damages recommended by the Findings.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Parties

Price Simms Holdings LLC dba Price Simms Auto Group is a holding company that owns and manages auto-dealerships throughout California, including (1) Marin Luxury Cars, LLC dba Land Rover Marin; (2) Price-Simms PA, LLC dba McLaren San Francisco and Volvo Palo Alto; (3) Price Simms, Inc., dba Toyota of Sunnyvale (4) Price Cars SR, LLC dba Toyota Marin and Scion Marin; (5) Price-Simms Fairfield dba Mercedes Benz of Fairfield; and (6) Price-Simms Ford LLC dba Ford Lincoln Fairfield (collectively, the "Dealerships"). Findings at 2. Adam Simms was and is and Chris Firle was an executive at Price-Simms during the relevant times. *Id.*

Candle3 is a Colorado limited liability company that sells and installs various "clean energy technology" products that reduce a building's energy consumption. *Id.*

### B.   The Agreement

On or about March 25, 2016, Candle3 and Price-Simms entered into a written agreement by which Candle3 promised to supply materials and perform "clean energy" construction work at eleven (11) auto-dealership locations operated by Price-Simms around the Bay Area, including installation of solar electricity generation and energy efficient lighting. Findings at 2; ECF Dkt. No. 56 (Third Amended Complaint) (hereinafter, "TAC"), Ex. 1. On or about June 28, 2016, Candle3 and Price-Simms entered into an amended agreement, which added the Dealerships as parties to the agreement and incorporated various schedules (the "Agreement"). Ganjam Dec. Ex. A (Agreement).

Price-Simms paid Candle3 a total of $4,396,514 under the Agreement for the promised construction work. Findings at 8.

- 2 -

Case No. 2:18-cv-01851-WBS-KJN   MPA ISO MOT. FOR DEFAULT JUDGMENT AND DISMISSAL OF COUNTERCLAIMS FOR FAILURE TO PROSECUTE

### C. Candle3's Failure To Perform Under The Agreement

In April of 2018, Price-Simms terminated the Agreement after Candle3 abandoned the project midstream. Findings at 2. Plaintiffs hired other companies to complete the unfinished LED, HVAC, and Solar installations, and later discovered that Candle3 had not even completed a substantial portion of the work it had claimed it had done. *Id*.

### D. Procedural Background

#### 1. Price-Simms' Complaint against Candle3

On May 30, 2018, Price-Simms initiated this action in Solano County Superior Court to recover damages caused by Candle3's breach of the Agreement. ECF Dkt. No. 1. On June 28, 2018, Candle3 removed the action to this Court pursuant to its diversity jurisdiction. *Id*.

The Parties then proceeded through three rounds of motions to dismiss, none of which resulted in the dismissal of any of Price-Simms' causes of action. *See* ECF Dkt. Nos. 4 (July 5, 2018 Candle3's Motion to Dismiss Complaint), 16 (Sept. 14, 2018 Candle3's Dismiss First Amended Complaint), 21 (Oct. 23, 2018 Candle3's Motion to Dismiss Second Amended Complaint).

The TAC filed January 2, 2019 is the operative complaint. ECF Dkt. No. 56. Price-Simms has pleaded causes of action for breach of contract as well as fraud against Candle3; however, Price-Simms is seeking a default judgment based only upon its First Cause of Action for breach of contract. *Id.* If the Court grants a default judgment consistent with the Findings, Price-Simms will dismiss its fraud claims.

#### 2. Candle3's counterclaims

Candle3 counterclaimed against Price-Simms for breach of contract and quantum meruit and its principals Adam Simms and Chris Firle for quantum meruit for amounts which Candle3 contended were due and owing on work that it had purportedly fully performed and for lost profit for work that it was purportedly prevented from performing. ECF Dkt. No. 59-1 (Jan. 16,2019 Candle3's Counterclaim to the TAC).

Candle3 also asserted a meritless counterclaim against Price-Simms' principals for interference with contract and a prayer for punitive damages, which, on Price-Simms' motion

- 3 -

under Rule 12(b)(6), the Court dismissed with prejudice. ECF Dkt. No. 76 (May 8, 2019 Order re Price-Simms' Motion to Dismiss).

### 3. Candle3's overbroad discovery requests

Candle3 propounded broad document requests, seeking every document that referred or related to the Agreement and the Parties' performance thereunder, and numerous special interrogatories and requests for admissions. Ganjam Dec. ¶ 13. Through 2019, Price-Simms responded to this discovery, providing lengthy written responses and producing nearly 2,000 emails and other documents, including all communications between the parties during the course of the construction work as well as communications with contractors hired to complete the work that Candle3 had promised but failed to do. *Id*. The Parties also exchanged numerous, often lengthy meet and confer correspondence relating to discovery propounded by Candle3. *Id*.

Candle3 also demanded a staggered expert discovery schedule, requiring Price-Simms to provide an expert report on the computation of its damages, which Price-Simms agreed to provide. *Id*. ¶ 14. Price-Simms retained an expert witness, Greg Halm to prepare this report, at a substantial cost. *Id*.

### 4. Candle3's default

By late 2019, Candle and its counsel had stopped responding to Price-Simms' communications demanding discovery and soon thereafter, Candle3's counsel moved to withdraw from its representation, and Candle3 failed to appoint new counsel, which effectively stalled discovery for many months. *Id*., ¶ 15. On Plaintiffs' Motion, the Court entered Candle3's default on July 23, 2020:

> Candle3 has failed to respond to any of the court's orders, has failed to obtain new counsel for his company (despite Mr. White's representations to the district judge that he would do so), and has otherwise been incommunicado since February of 2020, the undersigned finds Candle3 has "otherwise failed to defend" itself against Price Simms's claims stated in the Third Amended Complaint. Therefore, an entry of default is appropriate.

ECF Dkt. No. 121 at 4 (citing Fed. R. Civ. P. 55(a); *United States v. High Country Broad.*, 3 F.3d 1244, 1245 (9th Cir. 1993)).

On August 4, 2020, the Court vacated the September 15, 2020 trial date in this matter pending a ruling and determination on Price-Simms' Motion for Default Judgment filed on June 24, 2020. ECF Dkt. No. 118 (Motion for Default Judgment); ECF Dkt. No. 123 (Aug. 4, 2020 Minute Order).

### E. The Findings

On April 6, 2021, Magistrate Judge Kendall J. Newman entered the Findings based on Price-Simms' "well-pleaded allegations and documentation supporting the claim, including signed copies of the relevant agreements, invoices, signed affidavits, and calculation of damages under the contract." Findings at 10. Judge Newman found that "Candle3 breached the Agreement in multiple respects, including by failing to perform any HVAC services, by only partially completing the LED installations and allowing them to fall substantially behind schedule, and by completely abandoning the solar installations." *Id.* at 7 (citation and internal quotations omitted).

Judge Newman further recommended that the Court award Price-Simms a final judgment in the amount of $3,340,256, which was the full amount Price-Simms sought. Judge Newman found that:

> While the $3,340,256 in damages sought by plaintiffs is a substantial sum, it is directly proportional to the amount of loss incurred. After Candle3 failed to perform as promised, plaintiffs were required to hire other companies to complete the work; this resulted not only in higher project costs, but also extra expenses from higher energy costs and the accrual of prejudgment interest. . . . Based on the affidavits and documents submitted, the undersigned finds the requested damages are reasonable, proportional to the well-pled allegations, and do not "differ in kind from, or exceed in amount, what is demanded in the pleadings."

*Id.* at 8-9 (quoting Fed. R. Civ. P. 54(c)).

Judge Newman also recommended that the Court dismiss with prejudice Candle3's counterclaims against Price-Simms for failure to prosecute:

> Here, the . . . factors weigh in favor of dismissal because this case has already been delayed by Candle3's failure to take the steps necessary to move its counterclaims forward [and] defendants have been deprived of an opportunity to conduct discovery and prepare their defense. . . . [T]he court has already attempted less drastic alternatives. Specifically, the court attempted for many months in 2020 to provide Candle3 with an opportunity to inform the court whether it would be retaining new counsel—prior to the entry of default. Despite these efforts,

- 5 -

Case No. 2:18-cv-01851-WBS-KJN   MPA ISO MOT. FOR DEFAULT JUDGMENT AND DISMISSAL OF COUNTERCLAIMS FOR FAILURE TO PROSECUTE

> Candle3 did not respond to any of the court's notices, and most were returned as undeliverable. Simply, Candle3 has been absent from the litigation since its counsel withdrew in February of 2020, leaving the court with little alternative but to recommend dismissal.

*Id.* at 12 (internal citations omitted).

### F. The Agreement's Fee-Shifting Provision

The Agreement includes a prevailing party, fee shifting provision, which provides in full:

**11. DAMAGES, COSTS AND FEES**

**11.1** In the event that any dispute or difference is brought arising from or relating to this Agreement or the breach, termination or validity thereof, the prevailing party shall NOT be entitled to recover from the other party any punitive damages. <u>The prevailing party shall be entitled to recover from the other party all reasonable attorneys' fees incurred</u>, together with such other expenses, costs and disbursements as may be allowed by law.

Ganjam Dec. Ex. A (Agreement) § 11.1 (emphasis added).

### G. The Attorneys' Fees Price-Simms Seeks And The Work Performed

Price-Simms seeks a total of $234,390.00 in attorneys' fees. Ganjam Dec. ¶ 5. This amount includes fees incurred beginning in April 2018 to investigate and file the initial complaint in this action, to defend against three rounds of motions to dismiss brought by Candle3, to bring a successful motion to dismiss certain of Candle3's counterclaims and prayers for relief, to respond to Candle3's expansive discovery demands and to apply for a default and default judgment against Candle3 after it abandoned the litigation. *Id.* ¶ 16. This amount is less than the total attorneys' fees Price-Simms will incur through judgment in this action because it does not include the fees incurred to prepare this briefing or attend any further hearings or status conferences. *Id.*

### III. ARGUMENT

Price-Simms should recover the full amount incurred in connection with this action.

### A. Price-Simms Is The Prevailing Party And Is Entitled To Its Attorneys' Fees.

"When a party obtains a simple, unqualified victory by completely prevailing on . . . all contract claims in the action and the contract contains a provision for attorney fees, [California Civil Code] section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." *Scott Co. v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999) (citing *Hsu*, 9 Cal. 4th at 877). Applying that principle here, if the Court adopts the

- 6 -

Findings in full and enters judgment consistent therewith, Price-Simms is the prevailing party as a matter of law because the Parties' Agreement contains an unambiguous fee-shifting provision and Price-Simms will have obtained a simple, unqualified victory on its claim for breach of the Agreement. The Findings, which are based on "well-pleaded allegations and documentation supporting the claim," recommend a final judgment in the amount of $3,340,256, which was the full amount Price-Simms sought in its Motion for Default Judgment. Findings at 9-10.

If Price-Simms is found to be the prevailing party, the Agreement and California Civil Code section 1717 mandates an award of attorneys' fees in favor of Price-Simms. The Parties' Agreement requires that "[t]he prevailing party <u>shall</u> be entitled to recover from the other party all reasonable attorneys' fees incurred." Ganjam Dec. Ex. A (Agreement) § 11.1 (emphasis added). Civil Code section 1717(a) further mandates that

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then <u>the party who is determined to be the party prevailing on the contract</u>, whether he or she is the party specified in the contract or not, <u>shall be entitled to reasonable attorney's fees</u> in addition to other costs.

*Id.* (emphasis added).

### B.  The Attorneys' Fees Price-Simms Seeks Is Reasonable.

Price-Simms seeks an award of $234,390 for attorneys' fees, which is less than the amount Price-Simms will ultimately incur in this litigation because it does not include the fees incurred to bring this motion or for attendance at subsequent hearings or conferences. Ganjam Dec. ¶ 16. This amount constitutes approximately 7% of the recommended judgment amount of $3,340,256. *Id*. ¶ 2.

The requested fees are reasonable given the extensive and thorough legal work required to counter the early motion practice, which included three rounds of motions to dismiss brought by Candle3, none of which resulted in the dismissal of any claims by Price-Simms and a motion to dismiss brought by Price-Simms, which did result in the dismissal with prejudice of Candle3's interference with contract claim.

Further, the parties conducted extensive discovery in this action before Candle3 defaulted.

Soon after the pleadings were settled, Candle3 propounded expansive discovery, which required lengthy written responses, meet and confer letters, and voluminous productions. *Id*. ¶ 13.

Price-Simms' attorneys staffed the matter efficiently, with just one partner, one associate and one paralegal accounting for 99% of the fees. *Id*. ¶¶ 5-12. Their rates are consistent with market rates for attorneys specializing in this type of dispute. *Id*. ¶ 11; *See generally* Declaration of James Schwarz, filed concurrently herewith.

### C. No Apportionment Of Price-Simms' Attorneys' Fees Is Warranted.

The Arbitrator should award the full amount of fees incurred, without apportioning for fees incurred on non-contract claims. Upon Candle3's default, Price-Simms could not obtain the necessary discovery, *i.e.*, deposition testimony and internal Candle3 communications, to even prosecute its fraud claims, and so Price-Simms focused its efforts exclusively on understanding what work was promised but not performed under the Agreement. Price-Simms moved for a default judgment only on its contract claim, and the Findings relate exclusively to that claim. Price-Simms will dismiss its fraud claims against Candle3 if the Court adopts the Findings.

Moreover, Section 11.1 of the Agreement requires that "[i]n the event of any dispute . . . [t]he prevailing party shall be entitled to recover from the other party all reasonable attorneys' fees incurred" (emphasis added). The word "dispute" rather than "claim" should be given its ordinary, literal meaning, *i.e.*, the entire dispute. Accordingly, the Court should not apportion expenses for Price-Simms' fraud claims once it determines that Price-Simms prevailed. This is consistent with the default rule in California that "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1111 (citation omitted).

Further, the claims are sufficiently intertwined legally and factually that the work relating to the breach of contract claims cannot be separated from the work on the fraud claims. *See Lockton v. O'Rourke*, 184 Cal. App. 4th 1051, 1072 (2010) ("no apportionment is required where the claims for which fees are recoverable are those that have common issues, common operative

- 8 -

Case No. 2:18-cv-01851-WBS-KJN | MPA ISO MOT. FOR DEFAULT JUDGMENT AND DISMISSAL OF COUNTERCLAIMS FOR FAILURE TO PROSECUTE

facts, related legal theories, or require the presentation of virtually identical evidence [to claims for which fees are not recoverable]"); *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1604 (2008) ("allocation is not required when the issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not") (citations and internal quotations omitted).

## IV. CONCLUSION

For all the reasons set forth above, the Court should award Price-Simms the full $234,390.00 in attorneys' fees sought. (Price-Simms will separately apply to the Clerk of the Court for taxable costs upon entry of judgment.)

Dated: April 20, 2021                    SHARTSIS FRIESE LLP

By:     */s/ Sanjeet S. Ganjam*
        SANJEET S. GANJAM

Attorneys for Plaintiffs and/or Counter-Defendants PRICE SIMMS HOLDINGS LLC, MARIN LUXURY CARS, LLC, PRICE-SIMMS PA, LLC, PRICE SIMMS, INC., PRICE CARS SR, LLC, PRICE-SIMMS FAIRFIELD, LLC, PRICE-SIMMS FORD, LLC, ADAM SIMMS, and CHRIS FIRLE

8934895

- 9 -

Case No. 2:18-cv-01851-WBS-KJN    MPA ISO MOT. FOR DEFAULT JUDGMENT AND DISMISSAL OF COUNTERCLAIMS FOR FAILURE TO PROSECUTE