UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRICE SIMMS HOLDINGS, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CANDLE3, LLC,<br><br>    Defendant. | No. 2:18-cv-1851-WBS-KJN<br><br>FINDINGS AND RECOMMENDATIONS ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES<br><br>(ECF No. 141) |

Plaintiffs recently obtained a default judgment against Candle3 on their breach of contract claim. (See ECF No. 140 (magistrate judge's recommendations that plaintiffs' motion for default judgment be granted); ECF No. 144 (district judge's order adopting the recommendations in full, and awarding judgment in the amount of $3,340,256).) Presently pending before the court is plaintiffs' motion for attorney's fees under Federal Rule of Civil Procedure 54, as against defendant Candle3.[1] (ECF No. 141.) Plaintiffs seek just over $234,000 in fees arising from their three-year litigation of this case. (See Id. at 6.)

The undersigned recommends that plaintiffs' motion be GRANTED, and that plaintiffs be awarded attorney's fees in the amount of $159,665.00.

///

---

[1] This motion is referred to the undersigned by order of the assigned district judge. (See ECF No. 145, citing 28 U.S.C. § 636(b)(1)(B); see also Federal Rule of Civil Procedure 72(b).)

1

**Legal Standards**

To move for an award of attorney's fees Under Federal Rule of Civil Procedure 54, a party must, no later than 14 days after entry of judgment, "specify the judgment and the statute, rule, or other grounds entitling the movant to the award; state the amount sought or provide a fair estimate of it; and disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B). Under California law, reasonable attorney's fees and costs are available to the prevailing party in a contract action if the contract specifically provides for such an award. Cal. Civ. Code § 1717; see also Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000) ("A federal court siting in diversity applies the law of the forum state regarding an award of attorney's fees.").

An award of attorney's fees is calculated using the "lodestar method," whereby the number of hours reasonably expended on litigation is multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded. Id. at 434. In determining the reasonable hourly rate, the district court should generally consider the prevailing market rates for attorneys of comparable skill, experience and reputation within the community in which the district court sits. See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Typically, the "relevant legal community" is the forum district and the local hourly rates for similar work should normally be employed. Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013); see also Tenorio v. Gallardo, 2019 WL 3842892, at *2 (E.D. Cal. Aug. 15, 2019) (noting the relevant legal community is the entire Eastern District of California, not just one particular city therein). The party seeking the award for attorney's fees bears the burden to show that the amount it seeks is reasonable. See Phillips 66 Co. v. Cal. Pride Inc., 2017 U.S. Dist. LEXIS 104555, at *38 (E.D. Cal. July 5, 2017).

**Analysis**

Here, the contract on which plaintiffs brought suit authorizes an award of reasonable attorney's fees. (See ECF No. 134-1 at Ex. D § 11.1 ("In the event that any dispute or difference is brought arising from or relating to this Agreement or the breach, termination or validity thereof

. . . [t]he prevailing party shall be entitled to recover from the other party all reasonable attorneys' fees incurred, together with such other expenses, costs and disbursements as may be allowed by law.").) Because plaintiffs are the prevailing party in their contract action against Candle3, both the contract and California law authorize an award of fees. Cal. Civ. Code § 1717. The court now turns to the requested amount to examine its reasonableness. Hensley, 461 U.S. at 433.

Plaintiffs assert that in the three years counsel litigated this case—which included extensive early motion and discovery practice—the lead partner expended 77.1 hours, the lead associate expended 281.5 hours, and the team of paralegals expended 128.3 hours. (ECF No. 141-1, Ganjam decl. at ¶¶ 2 and 5-12; see also Id. at Ex. B (billing statements).) Counsel asserts the partner's hourly rate was between $650 and $715, the associate's rate was between $455 and $565, and the paralegals' rates were between $290 and $340. (Id. at ¶ 10.)

The court finds the number of hours spent by counsel in litigating this case to be reasonable. However, while the hourly rates may be reasonable for the area in which the firm practices, (see ECF No. 141-2, decl. Schwarz (asserting the hourly rates are comparable to those practicing in the San Francisco area)), they are high for the Eastern District of California. A recent comprehensive analysis of attorney's fees in this district found the following hourly rates to be reasonable: $450 for partners with at least 20 years of experience; $400 for partners with between 10 and 20 years of experience; and $250 for associates with between four and 10 years of experience. See Firstsource Sols. USA, LLC v. Tulare Reg'l Med. Ctr., 2019 WL 2725336, at *8 (E.D. Cal. June 28, 2019). More recently, a case proceeding before the district judge assigned to plaintiffs' case approved a rate of $425 per hour for a partner and $330 per hour for an experienced associate. See Colfaxnet, LLC v. City of Colfax, 2020 WL 7024161, at *1 (E.D. Cal. Nov. 30, 2020 (magistrate judge's finding counsels' rates reasonable under a Rule 37 motion for sanctions). A rate of between $175 to $275 for paralegals was recently found to be reasonable. See Figueroa v. Conner Logistics, Inc., 2021 WL 164870, at *3 (E.D. Cal. Jan. 19, 2021). In light of this, the undersigned finds reasonable a rate of $450 per hour for the assigned partner in this action, $330 per hour for the experienced lead associate, and $250 for the paralegal work performed mainly by the lead paralegal.

Under these findings, the undersigned recommends an award of attorney's fees in the amount of $159,665. This accounts for the partner's award of $34,695 (77.1 hours at $450/hour), the associate's award of $92,895 (281.5 hours at $330/hour), and the award for paralegal work of $32,075 (128.3 hours at $250/hour).

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiffs' motion for attorney's fees (ECF No. 141) be GRANTED; and
2. Plaintiff be awarded fees in the amount of $159,665.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 11, 2021

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pric.1851

4